NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CINTIA MAITE PEREZ ZAMORA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   18-70021

Agency No. A206-461-940

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 18, 2020
Pasadena, California

Before:  FERNANDEZ, PAEZ, and OWENS, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge FERNANDEZ

Cintia Perez Zamora ("Zamora"), a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an Immigration Judge's ("IJ") denial of asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

agency's legal determinations and we review its factual findings for substantial evidence. *Singh v. Holder*, 656 F.3d 1047, 1051 (9th Cir. 2011). We grant in part and dismiss in part the petition for review and remand to the BIA for further consideration.

1. Zamora challenges the agency's rejection of her proposed social group of "young women without parental protection who are raped" as not cognizable due to its circularity by including elements of harm. To determine whether a proposed social group is cognizable, the BIA asks whether the group is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Rios v. Lynch*, 807 F.3d 1123, 1127-28 (9th Cir. 2015) (citation omitted). In our recent opinion, *Diaz-Reynoso v. Barr*, we held that a proposed social group is not necessarily disqualified if it includes mention of feared persecution. 968 F.3d 1070, 1081-82 (9th Cir. 2020). In light of *Diaz-Reynoso*, we grant the petition for review in part on the BIA's decision to deny Zamora's asylum and withholding claims and remand for further proceedings.

2. Zamora also challenges the denial of her claim for CAT relief. The CAT forbids the government from removing a person to any country where it is "more likely than not" that she will be tortured by either the government or private individuals acting with the government's acquiescence. 8 C.F.R. § 1208.16(c)(2).

The BIA concluded that Zamora's assertion that Guatemalan police would not protect her from her neighbors "was based on speculation and was not supported by objective evidence." We grant the petition for review in part and remand to the BIA for adequate consideration of Zamora's age as one of the factors in determining that there was government acquiescence to torture. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1071 (9th Cir. 2017).

3. There are two avenues for humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii). Sub-section (A) requires a finding of "past persecution," i.e., harm on account of a protected ground. We remand Zamora's claim for humanitarian asylum based on "past persecution" for further consideration consistent with this memorandum. To the extent that Zamora's request for humanitarian asylum is based upon the "other serious harm" provision of sub-section (B), we lack jurisdiction over it because Zamora did not raise this argument before the BIA. 8 U.S.C. § 1252(d)(1). We dismiss the petition for review in part with respect to Zamora's claim for humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii)(B).

Petition **GRANTED IN PART**, **DISMISSED IN PART**, and **REMANDED.**

*Perez Zamora v. Barr*, No. 18-70021

FERNANDEZ, Circuit Judge, concurring in part and dissenting in part:

I concur in paragraphs 1 and 3 of the disposition because I understand that we are directing the BIA to consider if and how the legal principles set forth in *Diaz-Reynoso v. Barr*, 968 F.3d 1070 (9th Cir. 2020) affect its ultimate decision regarding Perez's asylum and withholding claims. However, I dissent from paragraph 2 because the evidence in this record would not compel a determination that Perez would be tortured by the government or that the government would acquiesce in her torture. *See* 8 C.F.R. § 1208.18(a); *see also* 8 C.F.R. § 1208.16(c)(2). Thus, I respectfully concur in part and dissent in part.